# IN THE COURT OF APPEALS OF IOWA

No. 20-0874
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIMOTHY MICHAEL WEBBER,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.


Timothy Webber appeals following his conviction for second-degree theft as a habitual offender. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A trailer stored at a secure facility in Cedar Rapids, Iowa, went missing. One of the owners of the trailer notified police. Coincidentally, Waterloo police officers investigating a fire at a home occupied by Timothy Webber discovered the stolen trailer behind the residence.

The State charged Webber with second-degree theft as a habitual offender. Among other things, the State was required to prove Webber knew the trailer was stolen or had reasonable cause to believe it was stolen. A jury found him guilty of the theft charge, and Webber pled guilty to the habitual-offender enhancement. Webber moved for a new trial on several grounds. The district court denied the motion.

On appeal, Webber argues the district court abused its discretion in denying his new trial motion on the ground that the verdict was contrary to the law and evidence. *See State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003) (setting forth standard of review). We do not review "the underlying question of whether the verdict is against the weight of the evidence." *Id.* at 203. We simply review the district court's exercise of discretion. *Id.*

Webber focuses on the testimony of his girlfriend. She stated Webber purchased the trailer for $1500 and received what she believed to be a bill of sale and registration, which were destroyed in the house fire. In Webber's view, her testimony established he did not know the trailer was stolen.

The district court did not abuse its broad discretion in concluding otherwise. *See id.* at 202. In addition to the evidence the stolen trailer was parked on property occupied by Webber, the State presented evidence of license-plate substitution.

An officer testified that "someone attempting to hide the fact that the trailer was stolen would put plates not belonging to them to mask the fact that there is no license plate for the trailer." He also stated a motorcycle belonging to Webber was located inside the trailer. Additionally, in the early morning hours after the fire, Webber called his mother to have his step-father remove the trailer from the property. Webber did not attempt to impugn the officer's credibility or the credibility of numerous State witnesses who testified to ownership of the trailer and other key circumstances tying him to the crime. *See State v. Ernst*, 954 N.W.2d 50, 60 (Iowa 2021) ("[The defendant] fails to identify any specific evidence that preponderates so heavily in favor of acquittal that we can say the district court abused its discretion in denying his motion for a new trial.").

We affirm the district court's denial of Webber's new trial motion.

**AFFIRMED.**